# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA *

UNITED STATES OF AMERICA,
    Plaintiff,

v.

YEATO PRALL,
    Defendant

Magistrate No. 06-242M (AK)

**FILED**

JUN 0 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S REQUEST FOR PREVENTIVE DETENTION AND FOR A COMPETENCY EVALUATION AND TREATMENT

Plaintiff, YEATO PRALL, by and through the undersigned (henceforth "counsel"), Mr. Chemor M. Jalloh, respectfully moves this Honorable Court to deny the Government's Requests upon the grounds posited, explicated and corroborated hereunder:

### PROLOGUE

1. The Government's unreasonable reliance on the results of "a preliminary finding that the defendant is a potential harm to herself and others..." is not only unduly optimistic, but as the Court is by now fully cognizant, tends to mischaracterize or otherwise distort clear statements of res-gestae. Compounding this obfuscating heuristic, which seeks to obscure the justice focused perspective of the Court, is the Government's mischaracterization of the civil actions in Superior Court, where the defendant through counsel seeks to address the fraudulent acts of the following defendants: Howard University and its lawyers and their law firms (Bryan Cave and Pepper Hamilton), and the immunity evisceration conduct of Judge Canan and Judge Weisberg.

---

\* Counsel apologizes to this Honorable Court for this handwritten opposition. Counsel has been under the weather, his paralegal had a death in the family, and, given the expenses attaching to plaintiff's civil actions in the Sup. Ct. of the District of Columbia,

this Honorable Court, beyond and above grounded acts of zealous representation, is charged with the dispensation of justice, cannot discharge the mentioned duty with the apparent intent of the Government's to win at all costs. In this respect, counsel posits the Government's Glorious proffer to exclude "Government's Exh. 2" from the scope of this proceeding upon the discovery that defendant was not at Georgetown Law School's Law Library when an e-mail, identical in content with the one grounding this current proceeding, was allegedly sent by defendant to Judge Canan. The Government's argument that it shall proceed with the Georgetown e-mail in what amounts to a more favorable forum, and that counsel appears to be "a witness" is not only ungrounded, juridically inefficient but cynical and strategic. A better inconsistency with the Government's duty to seek justice, a more disclosive and apt exemplar of the Government's apparent flight from its constitutionally imposed duty is hard to imagine. It is highly probable that this Honorable Court's finding of probable cause would have been otherwise had the Government's Exh. 2, constituted been posited as a part of the instant res. Indeed, counsel urges this Honorable Court to reconsider sua sponte the Government's exclusion of "Government's Exh. 2" because during its cross-examination of Agent Lowery, the Government sought to bolster its case by inviting Lowery to compare the content of the Government's Exh.'s 1&2, thereby substantially infusing Ex. 2 into this res. Accordingly, the proffered "pursuit" of Ex. 2 in another forum constitutes crystalline, unequivocal manipulation of this Honorable Court. It goes without saying that this Court cannot reward such conduct.

# ARGUMENT

**A. Defendant has not defied... Court orders**

The Government's argument is flawed on two grounds: First, Judge Cavan's dismissal of defendant's fraud action against Howard University and a Professor Gambir who allegedly did not have the requisite qualifications to supervise defendant's Ph.D medical research, has been appealed; the Government's dogmatic assertion of a proposition devoid of juridical finality should raise grave, disturbing doubts; it must motivate this Court to deploy the highest level of cognitive vigilance in this matter. This is a demand of justice and equity, and plain vanilla juridical fairness.

**B. The defendant poses no risk of flight or safety**

First, defendant cannot reasonably be expected to "fly" from her arguable meritorious claims against the defendants mentioned in paragraph 1 of the Prologue of this Opposition; second, defendant has no priors; third, the Government's "star witness," Sandy Ben Kamanda, whose conduct in this matter is pregnant with obfuscations, collusion, manipulation, sexual pursuit of defendant and blatant inconsistencies (the Government knows that defendant's impounded computer, which she bought on Mr. Kamanda advice, is a wireless computer — yet Kamanda who is a computer expert avers, under oath, that he unsuccessfully tried to "connect" defendant's computer to the internet. The inconsistency is oceanwide and devastating; not to mention the effect on a jury.)

Second, defendant, an independent and proud aspiring scholar is not a transient. She has always lived by herself. Hence, her hotel stays. However, given the status quo, her parents have found her a place to stay in Washington.

3. **The defendant is competent to stand trial**

The preliminary psychological evaluation, a sea of conjectural inconsistent findings, inadvertently concludes that defendant, under the competence rule, is competent to stand trial. She is aware of the charges against her and she is obviously capable of assisting counsel in her defense. That is the standard, and the most biased reading of the preliminary report will be constrained by the law to posit a finding of competence. Accordingly, the report's recommendation is groundless, irrational, and clearly unmotivated by juridical concerns and interests.

## CONCLUSION

WHERFORE, for the grounds adduced and explicated supra, defendant, through counsel, respectfully moves this Most Honorable Court to deny the Government's Request, and; to release the defendant on her own recognizance pending trial, order her to find a job as a medical researcher or to finish her Ph.D. at another educational institution in Washington, and to exclusively rely on counsel to pursue her civil actions against the defendants mentioned in paragraph 1 of the Prologue of this Opposition, and above all — not to grace the halls of the Superior Court without the presence of counsel.

Respectfully submitted,

Dr. Chosmar M. Jalloh, Esq.
THE JALLOH LAW FIRM
1150 Connecticut Ave, NW
Suite 900, Washington, DC 20036-4197
(202) 828-4100 ext: 4387
Defendant's Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June 2006, I hand delivered the foregoing Opposition to Barbara E. Kittay, Esq.

*/s/ Chester M. Jolley, Sr.*

*/s/ Chester M. Jolley, Esq.*