UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR: 06-247 (RJL) |
| v. ) | |
| ) | CR. No. 06-242M-01 (AK) |
| YEATO PRALL, ) | |
| ) | FILED |
| Defendant. ) | |
| ) | AUG 16 2006 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM ORDER

Pending before the Court is an oral motion by Chernor Jalloh, Esq., retained counsel for the Defendant Yeato Prall, for appointment as Counsel for the Defendant as a Criminal Justice Act ("CJA") attorney because Ms Prall has no funds with which to pay Mr. Jalloh's fees.

Ms Prall appeared before this Court on May 26, 2006, for an initial appearance following the filing of a criminal complaint charging her with violating Title 18 U.S.C. §875 (Use of Interstate Communications to threaten another person). The Defendant was advised of her right to be represented by counsel and following an inquiry by the Court as to her ability to retain the services of counsel, she stated after having been sworn that she did not have funds to retain counsel. The Court found that Ms. Prall was eligible for the appointment of counsel and appointed the Federal Public Defender's Office to represent her. At the conclusion of the hearing the United States moved for a combined Preliminary and Detention Hearing and requested that the Defendant be held without bond pending those hearings.

At the Preliminary Hearing held on May 30, 2006, Mr. Jalloh stated on the record that he had been retained by Ms Prall to represent her in the pending criminal matter. The Court thereupon vacated the appointment of the Federal Public Defender. At the conclusion of the

Preliminary Hearing the Court found probable cause that Ms Prall committed the offenses charged. The United States argued that the nature of the threats to kill a Superior Court Judge supported the request that Ms Prall be held without bond pending a trial in the case. Mr Jalloh strongly urged the Court to release Ms. Prall on her personal bond. In weighing the request of the United States for detention based on the nature of the charges and the argument of Defendant's counsel that Ms Prall be released on her personal recognizance, the Court out of an abundance of caution required that Ms. Prall have a forensic screening by the Legal Services Division of the D.C. Mental Health Department to determine whether she was competent to understand the nature of the charges against her and assist her counsel in her defense and further if the Court considered releasing her whether she would pose a risk of danger to the community or herself.

On June 1, 2006, the Court received a copy of the forensic screening report, concluding that the examining Clinical Psychologist could not attest to the Defendant's competency and recommending that she be referred for a full psychiatric evaluation. Over the objection of Defendant's counsel the Defendant was committed to the custody of the Attorney General of the United States for a period of 30 days for a full psychiatric examination pursuant to Title 18 U.S.C.§4241.

By letter dated July 9, 2006, from the Defendant to the Court, Ms Prall stated that her mental state was improved and that she is unable to pay for retained counsel. She requested the Court to reappoint the Federal Public Defender's Office to represent her. On July 25, 2006, the Court set a control status hearing for August 11, 2006. Prior to the control status hearing the Court received a full report from the Federal Medical Center in Carswell, Texas, concluding that Ms. Prall was on medication for her depression and was competent to understand the nature of

the charges pending against her and assist counsel in her defense. At the hearing the Defendant's retained counsel advised the Court that Ms. Prall no longer had any funds with which to pay her attorney and made an oral motion to be appointed by the Court to represent Ms. Prall and be paid out of CJA funds.

For the reasons set forth herein the Court will deny Mr. Jalloh's motion to be appointed as a CJA counsel for Ms Prall. Initially the Court notes that Mr. Jalloh's law practice is principally civil rather than criminal in nature. As he stated at the hearing he currently represents Ms Prall in a number of civil cases in the Superior Court of the District of Columbia and has some matters pending in the District of Columbia Court of Appeals on behalf of Ms. Prall. Mr Jalloh stated that he has not been paid any fees by the Defendant in this case and could not continue to represent her without receiving CJA funds. Equally significant in the Court's decision is that the available funds for attorneys appointed under the Criminal Justice Act are limited. Thus to expend funds for appointed private counsel who are not on the United States District Court's approved CJA Attorney List when the Defendant can be represented by the Federal Public Defender Office would under the circumstances be less than prudent and not in the public interest. Accordingly the Court will permit Mr. Chernor Jalloh to withdraw his appearance and relieve him of all further responsibility in representing the Defendant in this case and appoint the Federal Public Defender Office to represent Ms Yeato Prall.

It is therefor this 16th day of August, 2006, hereby

ORDERED that the Federal Public Defender Office is appointed to represent the Defendant, Yeato Prallo, in Criminal Action No. 06-242M-01, and it is,

FURTHER ORDERED that Chernor Jalloh, Esq. is relieved of all further obligations for

-3-

the legal representation of the Defendant Yeato Prall in this case, and it is,

FURTHER ORDERED that a control status hearing is set for this case on August 24th, 2006, at 1:45 p.m., in Courtroom 7.

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE