**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | **Criminal No. 06-247 (RJL)** |
| | : | |
| YEATO PRALL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO REVIEW ORDER OF DETENTION**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, hereby responds in opposition to the defendant's motion to review Order of detention. The government submits that the defendant is charged with a crime of violence, poses a physical danger to her victim and to the community, is a flight risk, has attempted to obstruct, and asserts that no condition or combination of conditions for defendant's release can reasonably assure her appearance in court or the safety of the community and the victim. *See* 18 U.S.C. §3142 (1)(a) and (2).

**BACKGROUND**

The defendant is charged in a four-count indictment with twice threatening the life of D.C. Superior Court Judge Russell F. Canan, who at that time was presiding over a series of civil cases brought by the defendant against Howard University and some of its employees. On Monday, May 15, 2006, the United States Marshals Service (USMS) received a report from Judge Canan's chambers that over the weekend, it had received what

-2-

would be the first or two email threatening to kill Judge Canan,
his family and his staff.  This first email was entitled
"IMPORTANT MESSAGE TO JUDGE CANAN AND STAFF!!"[1]

　　　The full text of the email:

> **JUDGE CANAN:  YOU ARE IMMEDIATELY ADVISED TO
> RECUSE YOURSELF FROM PRALL v. HOWARD
> UNIVERSITY OR ANY ACTION FILED BY PRALL OR
> YOU WILL BE FOUND DEAD!  YOUR FAMILY MEMBERS
> WILL FACE THE SAME CONSEQUENCE.  THIS IS NOT
> A THREAT BUT PROMISE.**
>
> **I AM ASHAMED THAT I AM A WHITE MALE.  YOU ARE
> ALSO A DISGRACE TO THE JUSTICE SYSTEM.  COURT
> RECORDS INDICATE THAT YOU HAVE BEEN SUED BY
> PRALL WHO YOU HAVE HARMED HEARTLESSLEY [*sic*].
> SHOULD YOU FAIL TO RECUSE YOURSELF
> IMMEDIATELY FROM ALL CASES CONCERNING PRALL
> AND DECIDE TO MAKE ANY FURTHER RULINGS, YOU
> WILL BE FOUND DEAD!  YOUR STAFF WILL BE
> SUBJECT TO SERIOUS HARM SHOULD YOU FAIL TO
> HEED THE WARNING.**

　　　The very day before this email was sent, the Clerk of the
Superior Court had docketed an Order previously signed by Judge
Canan, in which he made dispositive rulings adverse to defendant
Prall and in which he explicitly had declined to recuse himself.[2]

---

[1]　　The email came from a "hotmail" account in the name
"bloom_darvin."  The particulars of this account (screen name,
password, and security information) were noted on a slip of paper
recovered from the defendant's possessions.  Also noted on the
same slip of paper was Judge Canan's email address.

[2]　　Defendant Prall had filed a civil lawsuit against Judge
Canan and D.C. Superior Court Judge Frederick H. Weisberg,
alleging abuse of process in the adjudication of her numerous
lawsuits against Howard University and seeking $1 million in
damages.

-3-

The Order imposed sanctions against defendant Prall for a variety of litigation abuses, including her utter refusal to follow court orders.  The court's order came after years of vexatious civil actions filed by the defendant against Howard University and others, in which she alleged that the University had wrongfully denied her access to a Ph.D degree and to perpetual free University-owned housing.

The USMS and the FBI traced the email to a computer in the bedroom of an apartment in Frederick, Maryland, which was later seized by the FBI pursuant to a search and seizure warrant issued by a United States Magistrate Judge in Greenbelt, Maryland.  The resident of the apartment, Sandy Kamanda, told FBI agents that defendant Prall (a friend of his dating back to a time when they both resided in student housing at Howard University) was using the computer the previous Saturday evening, at the time the threatening email was sent.  According to Mr. Kamanda, defendant Prall told him that she needed to borrow his computer, because although she usually uses computers at the law library of Georgetown University Law Center (GULC), she had been excluded during "exam week," when access to the library is restricted to GULC students.

As part of the investigation, on Thursday, May 25, 2006, in the mid-morning, the FBI conducted a consensually monitored telephone call between Mr. Kamanda and defendant Prall.  During

-4-

that monitored conversation, the defendant denied having sent any emails to Judge Canan (threatening or otherwise); rather, she admitted that she sent messages to a reporter named Henri Cauvin at the Washington Post[3] and to television personality Oprah Winfrey.[4]  In each case, she claimed that she was seeking media attention to her lawsuits against Howard University.  During the monitored conversation, Mr. Kamanda told the defendant that the FBI had seized his computer and were investigating the threats to Judge Canan, and the defendant advised that Mr. Kamanda should not worry, because "I am very sure" that Judge Canan would be getting more messages, and the FBI would get tied up tracing numerous computers.

On May 25, 2006, at 2:38 p.m. (within a few hours of the monitored telephone call), another email was sent to Judge Canan. This email was sent through an Internet "Yahoo!" account in the name "smithp.frederick" and it stated:

_____

[3]  Also among the defendant's possessions were notations relating to Mr. Cauvin's email address, and the apparent suggestion of a headline that she hoped would read "D.C. Judge sued but refuses to recuse himself."

[4]  The FBI Computer Analysis Response Team examined the contents of the seized computer.  It confirmed the presence, on the hard-drive, of the following contacts:  at 8:46 p.m., the Yeato Prall email account at Yahoo! was accessed; at 8:58 p.m., the "bloom_darvin" account was created at Hotmail; at 9:12, 9:13 and 9:22 p.m., the threatening email was attempted and ultimately sent to Judge Canan's chambers, using the bloom_darvin account; at 11:41 p.m., the Cauvin email was sent to the Washington Post; and at 11:43 p.m., contact was made with the Oprah Winfrey website.

-5-

> **You are a blatant racist and a DISGRACE FOR A
> JUDGE.  TAKE THIS E-MAIL SERIOUSLY.
> IMMEDIATELY RECUSE YOURSELF FROM ALL CASES
> INVOLVING YEATO PRALL, HOWARD UNIVERSITY AND
> BRYAN CAVE OR YOU WILL SURELY REGRET!  YOU
> AND YOUR FAMILY WILL NEVER LIVE TO TELL THE
> STORY.
> THIS IS NOT A THREAT BUT A PROMISE.**

"Yahoo!" has confirmed that the "smithp.frederick" account
was opened just prior to the sending of the threatening email to
Judge Canan, and has not been used since (similar to the
bloom_darvin account at Hotmail).  Yahoo! identified the IP
address from which that email was sent as 141.161.252.26, which
was traced to a computer located in the GULC law library.

The defendant was arrested the same day.


## Preventive Detention

A.  <u>Statutory basis for detention</u>:  The government seeks
preventive detention of defendant Prall pursuant to 18 U.S.C.
§3142(f), as a danger to Judge Canan, his family, his staff, and
the community at large; as a serious risk of obstruction; and
also as a flight risk with no ties to the community.  The
government is entitled to seek preventive detention in cases that
involve "a crime of violence" (*see* §3142(f)(1)(A)), which
Congress has defined in the Bail Reform Act, in pertinent part,
as follows:

> the term "crime of violence" means --
> (A) an offense that has as an element of the

-6-

> offense the use, attempted use, or threatened
> use of physical force against the person or
> property of another.

18 U.S.C. §3156(a)(4); *see also* <u>United States</u> v. <u>Singleton</u>, 182
F.3d 7, 10 (D.C. Cir. 1999).  The defendant concedes that she is
charged with a crime of violence (*see* Defendant's Motion at page
2, ¶6); indeed, she is charged with making death threats.

In addition, the government or the court, upon it's own
motion, may seek preventive detention of the defendant in cases
that involve:

> (A) a serious risk that such person shall
> flee; or

> (B) a serious risk that such person will
> obstruct or attempt to obstruct justice, or
> threaten, injure, or intimidate, or attempt
> to threaten, injure, or intimidate a
> prospective witness or juror.

18 U.S.C. §3142(f)(2).  As set forth below, all are present in
this case.

The factors to be considered in determining whether any
conditions of release would reasonably assure the appearance of
the defendant at trial and the safety of any person or the
community at large, are set forth in 18 U.S.C. §3142(g),
including:

> (1)  The nature and circumstances of the offense charged,
>      including whether the offense is a crime of violence.

> (2)  The weight of the evidence against the defendant,
>      which, as set forth above, is remarkably strong,

-7-

particularly where the only person in the world having

the particular knowledge of the defendant's pending

lawsuits and having the motive to seek Judge Canan's

recusal, is the defendant herself.

(3)    The history and characteristics of the defendant,

including the defendant's mental condition, which here

includes a finding (after examination at the Federal

Medical Center at Carswell, Texas) that the defendant

suffers from depression and needs medication.[5]  In

addition, the defendant's history and characteristics

include no employment, no residence in the community or

other community ties, and most significantly, a history

of refusal to follow Court orders and directives.

Indeed, some of the allegations against the defendant

(set forth more fully below) suggest that she has

contempt for Court orders and directives.

(4)    The nature and seriousness of the danger to any person

or the community that would be posed by the defendant's

release.  Here, serious death threats have been made

against Judge Canan and others in an effort to

influence his official actions.  Prior to the

---

[5]    The defendant was diagnosed with Major Depressive
Disorder, and is taking Prozac and Trazodone.  The most reliable
guarantee that the defendant will continue to take her
medications is confinement.

-8-

defendant's detention, the USMS had initiated intensive

security measures for Judge Canan.

*See* 18 U.S.C. §3142(g).

B.  <u>The defendant has threatened to kill a judge, his staff</u>
<u>and his family</u>:  The defendant poses a physical risk to Judge

Canan, his staff and his family.  If released into the community,

the government fears that -- at a minimum -- the threats will

continue, or far worse, that the defendant will take steps to

carry them out.  The defendant has expressed very violent

intentions and needs to address current mental health challenges.

Each email claims not to be a threat, but rather, "a promise."

The government takes defendant Prall at her word.  Moreover, we

believe that it places the defendant in the "small but

identifiable group of particularly dangerous" persons requiring

preventive detention.  S. Rep. No. 225, 98th Cong., 1st Sess. 6-

7, *quoted in* Defendant's Motion at page 2, ¶5.

The defendant's civil litigation clearly rendered her

desperate, frustrated and bitter.  The pressure of this criminal

prosecution has the potential to intensify those feelings.

Notwithstanding this reality, and the defendant's expressed

intentions to kill people, she asks this Court to find her

suitable for release.  That is quite simply unreasonable.  This

Court should not be placed in the position of predicting the

defendant's future conduct, where her intentions have been

-9-

expressed so clearly and her mental health suggests continuing distress.

Based on the defendant's danger to Judge Canan and others, the government believes she should be detained under 18 U.S.C. §3142(f)(1) and (2)(B).

C. The defendant is a flight risk: The defendant has substantial motive to flee. Her potential exposure on the instant charges is ten years in prison.[6] She is fully aware that the government will be seeking a significant jail term.

Contrary to her assertions, the defendant has no family or other ties to this community. At the time of her arrest, she had been living day-to-day in Maryland motel rooms. She had no employment for years; she does not own a car. Pretrial Services reported that she was supported by her parents, who live in New Jersey. The only tie to this community is the lawsuit that is the source of anger and bitterness that gave rise to these offenses. The defendant has nothing which would cause her to stay in the District of Columbia and every reason to flee.

---

[6] The government has made a plea offer that reflects a minimum term of incarceration suggested by these facts. The defendant is aware, therefore that the government believes she should serve at least 30 to 37 months in jail, based on full credit for early acceptance of responsibility, but taking into account two appalling circumstances present here, specifically, that the defendant's actions caused a severe disruption to the Court, in requiring that a lengthy and procedurally complex lawsuit be transferred to another judge and staff, and also, that the defendant was motivated by the victim's official status and an intention to influence his official decisions.

-10-

Based on the risk of flight, the government believes that the defendant should be preventively detained under 18 U.S.C. §3142(f)(2)(A).[7]

D.  <u>The defendant has demonstrated an intention to obstruct these proceedings</u>:  The second threat made to Judge Canan is evidence of more than just an effort to injure, intimidate and influence him -- it also demonstrates the lengths to which she is willing to go to obstruct this prosecution.  The government bases this assertion on the defendant's comments in the monitored telephone call (*i.e.,* that the FBI would have to pursue more threats to Judge Canan from additional computers) and on her actions to send the additional threat within hours.  This threat was made from a computer in a public place -- *fully knowing that her prior threat was under investigation by the FBI* -- for the specific purpose of obstructing the investigation.

These acts of obstruction not only increase the defendant's exposure (and therefore her incentive to flee), they also demonstrate an additional danger posed by the defendant's

---

[7] Even remaining in or near the jurisdiction is no guarantee that the defendant will appear in court as required.  The defendant has demonstrated an utter lack of respect for the court and her responsibilities as a party to a lawsuit.  In her civil suit, defendant Prall defied numerous court orders, failing several times to appear for her deposition and for a scheduled mediation; she refused to produce documents, identify witnesses and experts, and to answer interrogatories and requests for admissions.  She also filed lawsuits and disciplinary complaints against numerous judges and lawyers.

-11-

presence in the community, over and above the physical threat to Judge Canan.  That is, this defendant apparently believes that a lawsuit is a game with no rules.  She has demonstrated time and again, in her civil suit, that she will stoop to acts of obstruction and dishonesty whenever she perceives it to be to her advantage in litigation.[8]  The government asserts, therefore, that the progress of this criminal case is also at risk by a defendant who apparently believes that the proper way to advance her litigation position is through falsification of evidence and extraneous manipulation of the parties.  Now faced with this more serious matter, with far more serious consequences, the government believes that the defendant has even more incentive to manipulate the factual and procedural integrity of the proceedings.  We are also concerned that in this case, identities and addresses the principal witnesses are known to the defendant.

The government asserts that the defendant's conduct and history demonstrate "a serious risk that [she] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror."  Based on the danger of obstruction, the government believes that the defendant should be

---

[8]   In addition to what she hoped would remain "anonymous" threats to force Judge Canan's recusal, the defendant also apparently created false affidavits with forged signatures, in support of her lawsuits.  In depositions taken by the civil defendants, two "affiants" denied the signatures and content in "sworn" statements filed by the defendant.

-12-

detained under 18 U.S.C. §3142(f)(2)(B).

## **Conclusion**

WHEREFORE, for all of the reasons set forth above, because the defendant is a danger to Judge Canan and the community; the defendant is a flight risk; and the defendant has already engaged in an act of obstruction, the government respectfully requests that this Court order that the defendant continue to be held without bond pending trial.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number 451058


By:            /s/
_____
BARBARA E. KITTAY
D.C. Bar #414216
PERHAM GORJI
Delaware Bar #3737
Assistant U.S. Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6940
Barbara.Kittay@usdoj.gov
Perham.Gorji@usdoj.gov