UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No: 06-247 (RJL) |
| | : | |
| v. | : | |
| | : | |
| YEATO PRALL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S MOTION IN LIMINE AND FIRST NOTICE OF INTENTION TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(B)

The United States, by and through it attorney, the United States Attorney for the District of Columbia, hereby submits this motion in limine and first notice of intent to introduce evidence at trial, pursuant to the Federal Rules of Evidence, Rule 404(b), relating to the defendants. We anticipate that we will file additional materials before the deadline that this Court may set for the filing of motions. In support of its motion and this first notice, the United States relies on the following points and authorities:

I. INTRODUCTION

This defendant is charged with threatening the judge who, at the time of the threat, was presiding over a series of lawsuits filed by the defendant against Howard University and others.[1] It

---

[1] The lawsuits, which were consolidated on the calendar of the Honorable Russell F. Canan, included Yeato G. Prall v. Howard University, et al., C.A. No. 03-6016; Yeato G. Prall v. Kanwal K. Gambhir, C.A. No. 04-5526; and Yeato G. Prall v. Howard University, C.A. No. 04-3202. As a result of the offenses charged in this criminal prosecution, Judge Canan did ultimately recuse himself from the civil cases brought by the defendant.

-2-

is alleged that the defendant threatened Judge Russell F. Canan, his family, and his chambers staff, in an effort to get him to recuse himself from the consolidated civil lawsuits.  The day before the first threat was sent by the defendant, the Clerk of the D.C. Superior Court had docketed an Order signed by Judge Canan in which he acknowledged the defendant's having filed a separate lawsuit against himself and another judge (Superior Court Associate Judge Frederick Weisberg), and had nevertheless refused to recuse himself from her lawsuits.

It is not the government's intention, in this criminal prosecution, to litigate the merits of the actions brought by the defendant in her civil lawsuits.  However, the government believes that to a limited extent, it may become necessary to present to the  jury the context of these civil lawsuits; the defendant's behavior in the course of the lawsuits; and the level of vexatious and possibly illegal conduct that preceded the transmission of the threats to Judge Canan.

## II.  PROPOSED RULE 404(B) EVIDENCE

The government believes that it may become necessary to present evidence that the defendant, in support of her civil lawsuits, submitted at least two forged and fictitious affidavits that purported to be signed by two "witnesses" on her behalf. The government has in its possession copies of the affidavits (the defendant would not produce originals, despite repeated

-3-

requests of the civil defendants), and transcripts of sworn
depositions taken of the purported affiants, who each disclaim
knowledge of the affidavits and their contents.  The government
may seek to call these alleged "affiants," as well as the notary
who attested to their signatures at the defendant's request.

### III.  BASIS FOR ADMISSION OF THIS EVIDENCE

Rule 404(b) of the Federal Rules of Evidence governs the
admission of other crimes, wrongs or acts of a defendant.  To the
extent that it is not intertwined with the charged offenses,
evidence of other crimes, wrongs or acts is admissible under Fed.
R. Evid. 404(b) if offered for a permissible purpose.  Such
permissible purposes include proof of intent, motive,
opportunity, plan, knowledge, identity or absence of mistake or
accident.  United States v. Miller,  895 F.2d 1431, 1436 (D.C.
Cir. 1990), cert. denied, 498 U.S. 825 (1990).  "[U]nder Rule
404(b), any purpose for which bad acts evidence is introduced is
a proper purpose so long as the evidence is not offered solely to
prove bad character." Id.  In determining whether such evidence
is admissible, the Court undertakes a two part analysis.  First,
the Court considers whether the evidence is "probative of some
material issue other than character." United States v. Clarke,
24 F.3d 257, 264 (D.C. Cir. 1994).  The federal rule is one of
inclusion, not exclusion; the evidence may be offered for any
purpose, so long as the evidence is not offered solely to prove

-4-

character. See United States v. Crowder, 141 F.3d 1202, 1206
(D.C. Cir. 1998) (en banc); United States v. Johnson, 802 F.2d
1459 (D.C. Cir. 1986).  If the Court deems the evidence to be
relevant, the Court should exclude the evidence only if its
probative value "is substantially outweighed by the danger of
unfair prejudice." Fed. R. Evid. 403; United States v. Day, 591
F.2d 861, 878 (D.C. Cir. 1978); see also Huddleston v. United
States, 485 U.S. 681, 686 (1988).  In close cases, the rule tilts
toward the admission of the other conduct evidence.  See United
States v. Johnson, 802 F.2d at 1463-64 ("the balance should
generally be struck in favor of admission when the evidence
indicates a close relationship to the event charged") (quoting
United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).  The
D.C. Circuit has recognized that "Rule 404(b) evidence will often
have . . . multiple utility, showing at once intent, knowledge,
motive, preparation and the like." United States v. Crowder, 141
F.3d at 1208.

     The evidence summarized above is probative of the
government's theory that the defendant treated the court system
as a game without rules, in which she could perform any
outrageous act that would accomplish her objective of winning her
lawsuits and harassing the defendants in those lawsuits.  These
activities are relevant to establish her identity as the sender
of the threats (which she did using fictitious "Hotmail" and

-5-

"Yahoo!" accounts created for the sole purpose of sending what
she hoped would remain anonymous threats), her intent, motive,
and *modus operandi,* even though these acts pre-date the threats.
See, e.g, United States v. Schardar, 850 F.2d 1457, 1463 (11th
Cir.) (testimony on uncharged misconduct that occurred some nine
months after last act of fraud charged in indictment was
admissible to prove defendant's intent since subsequent
misconduct was similar to the misconduct in the transactions
forming the basis of the charged crimes), cert. denied, 488 U.S.
932 (1988); United States v. Terebecki, 692 F.2d 1345, 1349 (11th
Cir. 1982) (no abuse of discretion in admitting evidence of
extrinsic offense, notwithstanding that 15 months had elapsed
between charged offense and subsequent extrinsic offense, where
defendant's conduct in extrinsic offense was very similar to his
conduct in charged offense); United States v. Hadaway, 681 F.2d
214, 217-218 (4th Cir. 1982) (in prosecution for aiding and
abetting in theft of televisions from interstate commerce where
defendant contended that he merely procured truck for friends,
without knowing its intended use, subsequent similar other crimes
evidence was admissible and relevant on issue of whether
defendant knowingly aided and abetted commission of charged
crime, even though other crimes were committed about 18 months
after the crime charged).

-6-

IV.  CONCLUSION

Application of the legal principles surrounding Rule 404(b) demonstrates that the proffered evidence is probative of relevant issues and ought to be admitted.  For these reasons, the government respectfully will seek admission of this evidence at the trial of this matter.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR # 498610

By:  _____
BARBARA E. KITTAY
D.C. Bar #414216
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6940
Barbara.Kittay@usdoj.gov