U.S. Department of Justice



Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 21, 2007

Edward C. Sussman, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004

      Re:  <u>United States</u> v. <u>Yeato Prall</u>
           Criminal Number 06-247 (RJL)

Dear Mr. Sussman:

    This letter sets forth the full and complete plea offer to your client, Yeato Prall, from the Criminal Division of the Office of the U.S. Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire unless entered before the Court no later than March 2, 2007.  If Ms. Prall accepts the terms and conditions of this offer, please have her execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

    1.  **Charges and Statutory Penalties**.  Your client agrees to plead guilty Count I of the Indictment charging Threatening Interstate Communications (in violation of 18 U.S.C. §875), relating to an e-mail sent via the Internet, from Frederick, Maryland to the chambers of the Honorable Russell Canan, on May 13, 2006.  The defendant understands that the Indictment currently charges her with two counts of §875, including a second threat sent from the library of the Georgetown University Law Center, on May 25, 2006, and with two counts of Threatening a Federal Official (in violation of 18 U.S.C. §115).

    2.  Your client understands that pursuant to 18 U.S.C. §875(c), the first and third counts of the Indictment carry a maximum sentence of five (5) years imprisonment and a fine of $250,000.  She also understands that pursuant to 18 U.S.C. §115(b)(4), the second and fourth counts carry a maximum term of ten (10) years imprisonment and a fine of $250,000.  Each count carries a mandatory special assessment of $100.  Finally, the

-2-

court may impose an obligation that your client pay any applicable interest or penalties on fines not timely made.

3. In consideration of your client's plea to the above offenses, Counts II, III, and IV will be dismissed at the time of sentencing and your client will not be further prosecuted criminally by this Office for conduct set forth in the attached Statement of Offenses. Your client agrees that with respect to any and all dismissed charges, she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

4. **Factual Stipulations**. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes her actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

5. **Sentencing Guidelines**. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate, for purposes of this plea agreement, that the following Guidelines calculations apply:

| §2A6.1(a) | Base Offense Level | 12 |
| 3A1.2(b) | Official Victim | +6 |
| 3E1.1(b) | Acceptance of Responsibility | -3 |

Total Adjusted Offense Level         15

6. **Acceptance of Responsibility: three-level reduction**. Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional one-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its

-3-

resources efficiently.

    7.  **Criminal History Category**.  Based upon the information now available to this Office (including representations by the defense), it is believed that your client has no criminal history.

    8.  **Applicable Guideline Range**.  The calculations set forth in this agreement are not binding on the Court or the United States Probation Office, and are being provided by the parties as the most likely sentence that will apply under the Sentencing Guidelines.  The parties agree that the calculations, as set forth above sets your client's Guidelines range at **18 to 24 months**.  In addition, the parties agree should the Court impose a fine, at Guidelines level 15, the applicable fine range is $4,000 to $40,000.

    9.  The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure is warranted.  Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein.  Nor will either party suggest that the Court consider such a departure or adjustment.  The parties will both recommend a sentence within the Guideline range.

    10.  **Agreement as to Sentencing Allocution**.  Nothing in this Agreement limits the right of the parties to make any arguments regarding the sentence your client should receive or to seek an appropriately adjusted sentencing range if it is determined based upon new information that her criminal history category is different from that set forth above.  Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

    11.  **Court Not Bound by the Plea Agreement**.  It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B)  the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.  In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or

-4-

contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court. It is understood that the Court could impose the statutory maximum of five years' imprisonment.

12. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that her entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

13. **Release/Detention**. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client continue to be detained without bond pending sentencing. Further, the government will not oppose a recommendation to the Bureau of Prisons that the defendant be designated to serve her sentence in a Federal Medical Center.

14. **Breach of Agreement**. Your client understands and agrees that if, after entering this Plea Agreement, she fails specifically to perform or to fulfill completely each and every one of her obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, she will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) she shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against her, directly and indirectly, in any criminal or civil proceeding, all statements made by her and any of the information or materials provided by her, including such statements, information and materials provided pursuant to this Agreement, including any statements made during proceedings before the Court pursuant to Rule 11, Fed. R. Crim. P.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a

defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by probable cause.  Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.  Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses.  Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.  However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

15.    **Waiver of Statute of Limitations**.  It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

16.    **Waiver of Right to DNA Testing**.  By entering this plea of guilty, your client  waives any and all right she may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government.  Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

17.    **Complete Agreement**.  No other agreements, promises, understandings, or representations have been made by the parties

or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

18. Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

                                   Sincerely yours,

                                   JEFFREY A. TAYLOR
                                   UNITED STATES ATTORNEY


                                 Barbara E. Kittay
                                 Assistant U.S. Attorney

-7-

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Tony Miles, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _____         _____
                                      Yeato Prall
                                      Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____         _____
                                      Edward C. Sussman, Esquire
                                      Attorney for the Defendant