UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :

v.                             :   CR. NO. 06-247 (RJL)

YEATO PRALL                    :

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, respectfully submits the following memorandum in support of her request for a sentence of 18 months. In support of his request, the defendant states the following:

1. The government has submitted a lengthy and detailed memorandum which accurately recites the procedural and factual history of this case. Additionally, it provides an accurate picture of the applicability of the sentencing guidelines to this matter, and the plea bargain struck by the parties. By terms of that agreement, the defendant can request no less than an eighteen month sentence. While such a sentence coincides with the bottom of the computed guidelines, the defendant believes that federal sentencing law, viewed in its entirety, and the unique circumstances of Ms. Prall, favor such an eighteen month sentence.

2. Not surprisingly, the government is wed to the "company line" that views the guidelines as presumptively correct. Clearly, however, recent decisions which serve to clarify the Supreme Court's holding in United States v. Booker (citation omitted), seem to lead to a conclusion that the guidelines should be equally weighted with all factors enumerated in 18

U.S.C. §3553 to achieve an appropriate result. In its recent opinion in Cunningham v. California, 549 U.S._____ (1/22/07, No. 05-6551), the Supreme Court "clarified' the applicability of the sentencing guidelines. The court stated that the advisory guidelines system, after Booker, no longer required sentencing judges to be confined to the dictated guideline range. Judges would be required to "take account" of that range, along with the factors enumerated in the Sentencing Reform Act of 1984. On appeal, the standard of appellate review was to one of reasonableness.

3. The approach described in Cunningham v. California, was quickly adopted by the D.C. circuit in its recent opinion in United States v. Pickett, App. No. 05-3179 (D.C. Circuit, 2/13/2007) There the court unanimously held that a sentencing court was empowered to abandon the rigid guidelines' calculations concerning crack cocaine. While not stating what the appropriate ratio between powder cocaine and crack should be, there was clear indication that the 100 to 1 ratio carved into the guidelines was not, as previously thought, unassailable. While much remains to be clarified, the court's dismantling of this standard, makes it clear that the guidelines are no longer etched in stone and no longer -without further analysis- to be considered the appropriate or reasonable sentence. They are just one factor to be considered and, in the defendant's opinion, of no greater weight than any other factor.

4. Nevertheless, as previously stated, Ms. Prall has obligated herself to argue for no less than 18 months incarceration. Having been arrested in late May, 2006, such a sentence would likely have her spend another six months in jail. Counsel believes that the additional six months would serve all purposes enunciated in 18 U.S.S.C. §3553(a). By any standard, the defendant will be receiving a sentence that satisfies the requirements of §3553(a). Respect for the law and

deterrence are clearly satisfied by a period of incarceration that has proven to be particularly difficult for the defendant. Ms. Prall, as the PSR reveals, has had no previous contact with the criminal system and her time in the jail and even the Central Treatment Facility have not been easy. Her mental and emotional difficulties have, at times, pushed her to the point of near suicide.

     5. While at the Bureau of Prisons facility in Carswell, Ms. Prall was diagnosed with depression and obsessive compulsive disorder. A privately retained psychologist, Dr. Carole Giunta, Ph.D. has reached the same conclusions.[1] Dr. Giunta has recommended a combined regimen of psychotherapy and medication; a program that can be begun in the federal prison system and made a part of the defendant's supervised release. While the government, in its memorandum, has described Ms. Prall in a number of unflattering ways, it has not said that presents a danger. Counsel believes that this should be a major factor in limiting the time that the defendant should spend in prison.

     6. The record portrays Ms. Prall as a motivated and successful individual who was unable to cope with a significant roadblock in her career. She became despondent, lost perspective and judgment, and in a misguided attempt to make the legal system work for her, threatened a Superior Court judge. Clearly, there was no intention to hurt Judge Canaan; but merely make his step aside. Ms. Prall honestly believed that a different judge would see things as she did and right her perceived wrongs.

     7. Significantly, while the government claims that there was no "diminished capacity"

---

[1] In an effort to make this matter move as expeditiously as possible, the defense will make Dr. Giunta available to the government for interview.

that might support a guidelines departure, the Federal Bureau of Prisons administered an intelligence test that showed Ms. Prall's "I.Q." as 83. This would place her in the 23rd percentile. Likely, there are not too many doctoral candidates in microbiology testing at that level. The BOP concluded that the intelligence testing was likely affected by the level of Ms. Prall's depression. This fits well with the notion that her mental state had much to do with her faulty assessment of her situation and her horrible decision making.

    8. Even the drafters of the guidelines recognized that there was no possible way that such a sentencing scheme could properly take every situation into account. Ms. Prall appears to be one of those special situations. While she has substantial work to do, isolating her from the community for any lengthy period will not help the situation. She has isolated herself and now must rejoin the community in a manner that allows her to be supported and returned to her earlier path of productive.

    WHEREFORE, for the foregoing reasons, the appellant respectfully requests that this honorable court impose sentence in the manner suggested in this memorandum.

Respectfully submitted,

_____
Edward C. Sussman No. 174623
Counsel for Defendant
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served electronically, this 24th day of April, 2007, on AUSA Barbara Kittay, AUSA Perham Gorji, and U.S. Probation Office Kathie McGill.

_____
Edward C. Sussman